IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Vickie Miller and Roxana Pettit,**

      **Plaintiffs,**

v.                                             Case No. 09-2152-JWL

**Professional Transportation, Inc.**
**and Ronald D. Romain,**

      **Defendants.**

**<u>MEMORANDUM & ORDER</u>**

Plaintiffs, individuals currently or formerly employed by defendant Professional Transportation, Inc. as road drivers, filed this suit on behalf of themselves and others similarly situated seeking overtime compensation pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207 as well as unpaid compensation pursuant to various theories asserted under state law. This matter is presently before the court on defendants' motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a) (doc. 32). As will be explained, the court concludes that venue is not proper in this district and, in its discretion, transfers this case to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1406(a).[1]

---

[1] Because the court concludes that venue is improper in this district, the court declines to address whether the court can exercise personal jurisdiction over defendants. To the extent defendants feel aggrieved by the court's decision to transfer the case without addressing whether dismissal would be appropriate for lack of personal jurisdiction, the court would have transferred the case to the Southern District of Indiana even if it had determined that it could not exercise personal jurisdiction over defendants. *See Trujillo v. Williams*, 465

*Background*

Defendant Professional Transportation, Inc. ("PTI"), an Indiana corporation headquartered in Indiana, provides rail crew transportation services by motor vehicle to various railroads. PTI has approximately 140 branch offices, none of which is located in Kansas, and employs approximately 2500 individuals, none of whom is a resident of Kansas. Defendant Ronald D. Romain, PTI's president, is a life-long resident of Indiana and has never resided in Kansas.

Plaintiff Vickie Miller is an Oklahoma resident and was formerly employed by PTI as an "over-the-road" driver in Oklahoma. An over-the-road ("OTR") driver is responsible for transporting rail crews by motor vehicle to and from railroad yards, including transporting crews between railroad yards in neighboring states. Plaintiff Roxana Pettit is an Arkansas resident and is currently employed by PTI as an OTR driver in Arkansas. Neither Ms. Miller nor Ms. Pettit has ever traveled to Kansas as an OTR driver. Indeed, only a handful of PTI's OTR drivers travel to Kansas each year and the trips made by those drivers represent a very limited portion of PTI's business.

*Analysis*

Defendants contend that plaintiffs' complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) because venue is not proper in this district. The FLSA does not

---

F.3d 1210, 1222-23 (10th Cir. 2006) (where personal jurisdiction is lacking, district court may cure defect by transferring case pursuant to 28 U.S.C. § 1631).

contain a special venue provision, 29 U.S.C. § 216(b) (providing that an FLSA action may be brought "in any Federal or State court of competent jurisdiction"), and therefore the general venue provision, 28 U.S.C. § 1391, governs venue for FLSA claims. *See Bredberg v. Long*, 778 F.2d 1285, 1287 (8th Cir. 1985). Under 28 U.S.C. § 1391(b), in actions where jurisdiction is "not founded solely on diversity of citizenship," venue is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). In their motion, defendants contend that plaintiffs cannot establish proper venue under any of the subsections of § 1391(b). The court begins with subsections (b)(2) and (b)(3), because plaintiffs do not challenge defendants' arguments with respect to these subsections. According to defendants, subsection (b)(2) does not apply because absolutely no events or omissions underlying plaintiffs' claims occurred in Kansas. Plaintiffs do not contend otherwise and, indeed, neither of the named plaintiffs worked in Kansas, lived in Kansas or ever traveled to Kansas while working for PTI. In addition, PTI does not maintain offices in Kansas and does not employ any Kansas residents. The court agrees, then, that venue is not proper under subsection (b)(2). Defendants further contend that subsection (b)(3) is inapplicable because there is another district in which the action may otherwise be brought. Again, plaintiffs do not contend otherwise and the record reflects that venue is clearly proper in another district–the Southern District of Indiana, where both defendants reside.

It is undisputed, then, that subsections (b)(2) and (b)(3) do not apply and that venue is proper, if at all, only under subsection (b)(1). According to defendants, subsection (b)(1) does not apply because defendant PTI and defendant Romain are not both residents of Kansas. Plaintiffs, in response, contend that PTI is a resident of Kansas by virtue of 28 U.S.C. § 1391(c), which states that a corporate defendant "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced" and that defendant Romain is deemed to "reside" in Kansas because "for purposes of . . . venue, Romain is PTI." The problem with plaintiffs' argument is that plaintiffs have expressly asserted claims against defendant Romain in his individual capacity. For purposes of such claims, Mr. Romain is clearly a resident of Indiana, where he is domiciled. *Manley v. Engram*, 755 F.2d 1463, 1466 n.3 (11th Cir. 1985) (for purposes of establishing propriety of venue, it is the individual's "permanent" residence, i.e., his domicile, that is the benchmark); 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3805 at 147 (2007) (for purposes of the venue statutes, a natural person is a resident of the district of that state where the person has his or her domicile or permanent home). Thus, even assuming that PTI is subject to personal jurisdiction in Kansas such that it is deemed a resident of Kansas for venue purposes, defendant Romain is a resident of Indiana, rendering subsection (b)(1) inapplicable.

Having concluded that venue is not proper in this district, the court turns to decide whether to dismiss plaintiffs' complaint or whether to transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Significantly, the record before the court demonstrates only that venue is proper in Indiana, as both defendants reside

4

there. *See* 28 U.S.C. § 1391(b)(1). Plaintiffs have expressly indicated that they are opposed to a transfer to Indiana and, instead, urge the court to transfer the case to the Western District of Arkansas. But the record is insufficient for the court to conclude, as required by § 1406(a), that the case "could have been brought" in the Western District of Arkansas. Plaintiffs contend that any transfer of the case should be to the Western District of Arkansas because one of the named plaintiffs resides in Arkansas. But the plaintiff's residence has no bearing on whether venue is proper in the Western District of Arkansas under the general venue statute. While the fact that one plaintiff lives and works for PTI in Arkansas might suggest that "a substantial part of the events or omissions giving rise" to that plaintiff's claim occurred in the Western District of Arkansas, the same cannot be said for the FLSA claim asserted by the other named plaintiff who lives and worked for PTI in Oklahoma. With respect to that plaintiff, venue in the Western District of Arkansas would not be proper under subsection (b)(2). Thus, plaintiffs have not established that venue is proper in any district other than Indiana. *See* Wright, Miller & Cooper, *supra*, § 3808, at 253 ("[I]n a case in which multiple claims are joined, the general rule that has been recited in a significant number of cases is that venue must be proper for each claim").

Despite plaintiffs' objection to a transfer to the Southern District of Indiana, they have not indicated that they would prefer a dismissal of their complaint over a transfer of their case to the Southern District of Indiana. The court, then, concludes that the interests of justice are served by transferring this case to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

5

transfer such case to any district or division in which it could have been brought.").

**IT IS FURTHER ORDERED BY THE COURT THAT** defendants' motion to dismiss for lack of personal jurisdiction and improper venue under Rules 12(b)(2) and 12(b)(3) (doc. 32) is **denied** but the court hereby **transfers** the case to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1406(a).

**IT IS SO ORDERED.**

Dated this 24th day of August, 2009, at Kansas City, Kansas.

> s/ John W. Lungstrum\_\_\_\_\_
> John W. Lungstrum
> United States District Judge